United States District Court
for the
Southern District of Florida

| Poonam Kohli, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-60967-Civ-Scola |
| | ) |
| Pembroke Lakes Mall, LLC, and | ) |
| ERMC of America, LLC, Defendants. | ) |

**<u>Order on Motions to Dismiss</u>**

This is a slip-and-fall case in which the Plaintiff Poonam Kohli claims that the Defendants Pembroke Lakes Mall, LLC ("PLM") and ERMC of America, LLC ("ERMC") were negligent due to a hazardous condition on the floor of the premises at 11401 Pines Boulevard in Pembroke Pines. Specifically, Kohli alleges that on or about August 9, 2015, she was walking in Pembroke Lakes Mall in the area near the Lady Foot Locker and Perfumania stores, when she slipped on a wet, or otherwise slippery, area of floor and fell. (Am. Compl. ¶ 9; ECF No. 19.) As a result of the fall, she sustained a number of injuries. (*Id.* ¶¶ 15, 20.) The Defendants each have filed a motion to dismiss or for a more definite statement (ECF Nos. 20, 21), arguing that the Plaintiff fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, PLM's motion (ECF No. 20) is **denied**, and ERMC's motion (ECF No. 21) is **granted in part and denied in part**. In addition, the Court strikes the allegations relating to mode of operation in each count of the amended complaint.

1. **Background**

Initially filed in the 17th Judicial Circuit in and for Broward County, Florida, this case was removed pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF Nos. 1, 6.) Kohli asserts that the Defendants had a duty to use reasonable care in maintaining the property, and that they breached this duty by failing to maintain the premises and creating a latent and/or dangerous condition in numerous ways. (Am. Compl. ¶¶ 13-15, 18-19.) Kohli further alleges that the Defendants knew, or should have known, about the dangerous condition on the day that she fell. (*Id.* ¶¶ 12, 17.) The amended complaint contains no further elaboration of the facts involved in the incident resulting in her fall.

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See id.*, at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

## 3. Analysis

The Defendants first argue, in nearly identical motions, that the amended complaint should be dismissed because the Plaintiff fails to allege anything about the size or characteristics of the slippery wet foreign substance, where she believes it came from, what she was doing at the time of the incident, why she walked on it, if anything caused the alleged area not to be visible, or that the dangerous condition was hidden or concealed. (*See* Mots., ECF No. 20 at 5, ECF No. 21 at 5-6.) As a result, the Defendants are unable to tell why or for what they are being sued, and they contend that they therefore cannot formulate a response to the amended pleading.

The argument is contrary to this Court's holdings in prior similar cases and belied by the allegations in the amended complaint. Kohli alleges that she slipped on a wet and/or slippery substance in the area of the mall near the Lady Foot Locker and Perfumania stores. In addition, Kohli explicitly alleges that the Defendants negligently maintained the premises, which created a latent and/or dangerous condition. The word "latent," by definition means "concealed." *Latent*, Black's Law Dictionary (10th ed. 2014). The Defendants essentially argue that the Plaintiff's negligence claims should conform to the heightened pleading standard contained in Rule 9(b). However, this Court has already rejected the same argument in similar cases. *See Deltoro v. Fresh*

*Market, Inc.*, No. 14-61210-Civ-Scola, 2014 WL 11776942, at *1 (S.D. Fla. Nov. 25, 2014) (Scola, J.); *Muzaffar v. Ross Dress for Less, Inc.*, No. 12-61996-Civ, 2013 WL 1890274, at *2 (S.D. Fla. May 7, 2013) (Scola, J.). Once again, Rule 9(b) does not apply to a simple negligence case such as this. *See Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1223 (S.D. Fla. 2010) (Cohn, J.) ("Rule 9(b) only applies to claims based on fraud or mistake."). Accordingly, the Plaintiff's allegations are sufficient, and the Defendants' argument is not well-taken. If they wish to learn such details about the Plaintiff's incident, the Defendants are free to engage in discovery.

The Defendants next argue, relying upon *Woodman v. Bravo Brio Restaurant Group, Inc.*, No. 6:14-cv-2025-Orl-40TBS, 2015 WL 1836941, at *2 (M.D. Fla. Apr. 21, 2015), that the Plaintiff's claim premised upon negligent mode of operation should be dismissed because Florida Statutes section 768.0755 eliminated mode of operation as a basis for recovery in a slip-and-fall case. The Plaintiff does not respond to this argument, which is a sufficient basis upon which to grant the Defendants' motion. *See Decosta v. ARG Resources, LLC*, Case No. 12-23482-CV-ALTONAGA/Simonton, 2012 WL 12865835, at *3 (S.D. Fla. Dec. 7, 2012) (Altonaga, J.) ("Failure to respond to arguments regarding particular claims in a motion to dismiss is a sufficient basis to dismiss such claims as abandoned or by default."). However, the defendants in *Woodman* did not argue for dismissal as the Defendants do here; rather, the court in *Woodman* determined, upon a motion to strike, that because the amended statute requires proof of actual or constructive knowledge, such allegations were properly stricken. *Woodman*, 2015 WL 1836941, at *3. Thus, the proper remedy is to strike the allegations regarding mode of operation, not dismissal of Kohli's negligence claim. Accordingly, the Court strikes the allegations of negligent mode of operation in the amended complaint.

Finally, ERMC argues that Count 2 of the amended complaint should be dismissed as impermissible shotgun pleading because it reincorporates all preceding allegations, rendering the amended complaint confusing. Once again, the Plaintiff fails to respond in substance to this argument. "The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at

1323 (footnotes omitted). While the Court recognizes that Count 2 of the amended complaint does reincorporate all of the allegations preceding it, the Court does not find that such a technical violation alone renders the amended complaint so confusing as to justify dismissal in this case.

However, ERMC's argument that the amended complaint is confusing because it is improper to plead a direct negligence claim together with a claim premised upon vicarious liability is well-taken. The Court acknowledges here, as it did in *Muzaffar*, that Florida requires vicarious liability claims to be separately pled. *See* 2013 WL 1890274, at *1 (citing *Prager v. FMS Bonds, Inc.*, 2010 WL 2950065, at *9 (S.D. Fla. July 26, 2010) (Marra, J.)). Upon review of Count 2 in this case, it is unclear whether Kohli is asserting both direct and vicarious liability based upon the allegations that ERMC was both directly and indirectly responsible for maintaining the premises as Pembroke Lakes Mall, (Am. Compl. ¶¶ 7, 18), and the subsequent incorporation of all preceding allegations into Count 2. As such, to the extent that Kohli is attempting to assert claims premised upon both direct and vicarious liability against ERMC, she should set them forth accordingly in separate counts. Based upon the foregoing, the Court does not consider the Defendants' alternative request for a more definite statement.

### 4. Conclusion

For the reasons set forth, the PLM's motion to dismiss (**ECF No. 20**) is **denied**. ERMC's motion to dismiss (**ECF No. 21**) is **granted in part** with respect to Count 2, and otherwise, **denied**. The Plaintiff shall have the opportunity to amend her negligence claim against ERMC, and shall file her amended pleading **on or before November 6, 2017**.

**Done and ordered** at Miami, Florida on October 25, 2017.

Robert N. Scola, Jr.
United States District Judge